# EXHIBIT 1

COPY

Paul Mankin, Esq. (SBN 264038)
The Law Office of L. Paul Mankin
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: (800) 219-3577
Fax: (323) 207-3885
pmankin@paulmankin.com
www.mandflaw.com
Attorney for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 02 2015

E. Rodriguez

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF RIVERSIDE
LIMITED JURISDICTION

Case No. RIC 1504252

| | |
|---|---|
| LORRAINE HOLLAND, an individual, | COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT |
| Plaintiff, | |
| vs. | |
| MIDLAND CREDIT MANAGEMENT, INC., and DOES 1 through 10, inclusive, | (Amount not to exceed $10,000) |
| Defendant. | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| | 2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2.  Plaintiff, Lorraine Holland ("Plaintiff"), is a natural person residing in Riverside County in the State of California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.  At all relevant times herein, Defendant, Midland Credit Management, Inc. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692(a)(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692(a)(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4.  Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of Section 474 of the California Code of Civil Procedure.

5.  Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## III. FACTUAL ALLEGATIONS

6.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt originally owed to T-Mobile and/or Sprint.

7. Defendant has placed calls to Plaintiff on a daily basis, mainly from telephone number (877) 240-2377, regarding the alleged debt.

8. On information and belief, Defendant contacted Plaintiff three or more times per week in an attempt to collect the alleged debt.

9. Plaintiff asserts that she notified Defendant that her identity was stolen and she submitted a dispute form with a cease and desist request. Plaintiff further asserts that Defendant claimed not receiving Plaintiff's dispute form. Plaintiff contends that she faxed the dispute form to Defendant numerous times, the last occasion was on June 5, 2014.

10. Despite being informed that Plaintiff disputed the alleged debt, Defendant continued to place calls to Plaintiff.

11. Plaintiff contends that Defendant never addressed her dispute regarding the alleged debt, but continued to contact her relentlessly. Plaintiff resolved to change her phone number, however, Defendant started calling Plaintiff's new phone number, still undeterred in its collection efforts.

12. Plaintiff is a disabled senior citizen and Defendant's unrelenting calls have caused her extreme frustration and distress.

13. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Contacting consumer after receipt of written cease and desist letter (§ 1692c(c));

    b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d);

    c) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§ 1692d(5));

    d) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    e) Communicating, by telephone or in person, with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e)).

14. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

15. Additionally, as a result of Plaintiff being a senior citizen and disabled as defined under California Civil Code Section 3345, and as a consequence of Defendant's wrongful actions, Plaintiff is entitled to a trebling of any damaged imposed by the trier of fact pursuant to California Civil Code Section 3294.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages;
C. Costs and reasonable attorney's fees; and,
D. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this March 31, 2015.

By: _____
Paul Mankin, Esq.
Law Office of L. Paul Mankin
Attorney for Plaintiff